UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


STEVEN PAUL BURNS (#428006)

VERSUS                                          CIVIL ACTION

EAST BATON ROUGE PARISH PRISON                  NUMBER 14-245-JWD-SCR
EMERGENCY MEDICAL SERVICES, ET AL


**<u>NOTICE</u>**

 Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
 In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

 ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

 Baton Rouge, Louisiana, March 17, 2015.

            /s/ Stephen C. Riedlinger
            STEPHEN C. RIEDLINGER
            UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEVEN PAUL BURNS (#428006)

VERSUS                                        CIVIL ACTION

EAST BATON ROUGE PARISH PRISON        NUMBER 14-245-JWD-SCR
EMERGENCY MEDICAL SERVICES, ET AL

## **MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion to Dismiss filed by defendants East Baton Rouge Parish Prison Medical Services, Linda Ottesen, and Dachel Williams. Record document number 40. The motion is opposed.[1]

Pro se plaintiff, an inmate currently confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against East Baton Rouge Parish Prison Medical Services, which is a division of Emergency Medical Services, which is a division of the City/Parish Government of the Parish of East Baton Rouge (hereafter "City/Parish"), Linda Ottesen, the Administrator of Prison Medical Services, nurse Dachel Williams and Dr. Vincent Leggio, D.D.S.[2] Plaintiff alleged that the defendants were deliberately indifferent to his serious medical

---

[1] Record document number 50. Defendants filed a Reply Memorandum. Record document number 53. Plaintiff filed a Reply Memorandum. Record document number 56.

[2] Record document number 45.

needs in violation of his constitutional rights.

## I. Factual Allegations

Plaintiff alleged that the defendants denied him adequate medical treatment. Specifically, the plaintiff alleged that on September 1, 2013 he began experiencing pain, swelling and bleeding from his gums. A deputy found him in the prison day room and offered to contact medical personnel. Plaintiff alleged that the deputy informed him that Williams refused to examine him. Plaintiff alleged that the deputy logged the incident in the prison log book and told him to make another request for medical care in the morning. Plaintiff prepared an Administrative Remedy Procedure ("ARP") request which was directed to Ottesen, number 13-0649, and placed it in the grievance form receptacle.

Plaintiff alleged that on September 2 he informed deputy Campo that he wanted to declare himself a medical emergency. Plaintiff alleged that deputy Campo assured him that she would get necessary medical attention for the plaintiff. After breakfast on September 2 he spoke with nurse Bates about his condition. Plaintiff alleged that nurse Bates gave him pain medication and told him that she scheduled him for an appointment with a doctor on September 4. Plaintiff alleged that he was not examined by a doctor on September 4. Plaintiff alleged that later that evening he prepared an ARP form and the next morning sent it to officials at the Louisiana Department of Public Safety and Corrections.

2

Plaintiff alleged that he was not examined by Dr. Leggio until September 13, 2013. Plaintiff alleged that Dr. Leggio said the plaintiff's wisdom teeth were broken and impacted, that he required oral surgery, and Dr. Leggio told him that he had additional teeth which required extraction. Plaintiff alleged that Dr. Leggio said an appointment with an oral surgeon would be scheduled and Dr. Leggio prescribed antibiotics. Plaintiff alleged that when he complained that the Motrin® he was given was ineffective for pain, Dr. Leggio asked him if he was allergic to Tylenol®.

Plaintiff alleged that Dr. Leggio routinely performs tooth extractions at the prison, but Dr. Leggio did not extract the plaintiff's teeth or arrange for another dentist employed at the prison to extract his teeth. Plaintiff contended that it was unnecessary to have his teeth extracted by an oral surgeon. Plaintiff alleged that he filed another ARP form with the Louisiana Department of Public Safety and Corrections.

Plaintiff alleged that for the remainder of September 2013 his gums were infected, swollen and bleeding and he experienced considerable gum pain. Plaintiff alleged that deputies routinely checked on him. Although he continued to voice complaints to medical personnel and deputies regarding pain and bleeding from his gums, plaintiff alleged that he received no further treatment from Dr. Leggio. However, the plaintiff alleged that between September 1 and October 30, he was alternatively prescribed Motrin® and

3

Tylenol® and was prescribed multiple rounds of antibiotics.

Plaintiff alleged that he forwarded evidence to the United States District Court for the Eastern District of Louisiana, consisting of bloody rags and pieces of tooth. Plaintiff alleged that in late October the district court returned the evidence to him. Plaintiff alleged that prison officials confiscated the evidence and destroyed it because it was considered a biohazard.

Plaintiff alleged that on November 1 he declared himself a medical emergency. Plaintiff alleged that nurse Steve informed him that he had been scheduled for oral surgery at an outside clinic on October 30, 2013. Plaintiff alleged that a couple of days later he was transferred to Richwood Correctional Center.

## II. Applicable Law and Analysis

### A. Rule 12(b)(1) Standard

Defendants City/Parish, Linda Ottesen and Dachel Williams moved to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed.R.Civ.P., "on the bas[i]s of Plaintiff's failure to exhaust administrative remedies and such remedies have now lapsed."[3]

Under Rule 12(b)(1), a case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n*

---

[3] Record document number 40, p. 1.

*of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Courts may dismiss for lack of subject matter jurisdiction based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint, supplemented by undisputed facts, plus the court's resolution of disputed facts. *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986). When subject matter jurisdiction is challenged, the plaintiff has the burden of demonstrating that subject matter jurisdiction exists. *Paterson v. Weinberger*, 644 F2d 521, 523 (5th Cir. 1981). A motion to dismiss pursuant to Rule 12(b)(1), is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Benton v. United States*, 960 U.S. F.2d 19, 21 (5th Cir. 1992).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009)

(quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id*. at 1949-50 (internal quotation marks omitted).

**B. Exhaustion of Administrative Remedies**

Defendants argued that the plaintiff failed to exhaust available administrative remedies prior to bringing suit and as a result, his claims are subject to dismissal for a lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Specifically, the

defendants argued that exhaustion of available administrative remedies is a jurisdictional prerequisite to suit. Defendants' argument is without merit.

In a series of recent cases, the Supreme Court has addressed courts' misapplication of the label 'jurisdiction' to what are actually merits-based dismissals for failure to state a claim. *Gonzalez v. Thaler*, ___ U.S. ___, 132 S.Ct. 641, 648 (2012); *see e.g., Henderson v. Shinseki*, 562 U.S. 428, 131 S.Ct. 1197 (2011); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166, 130 S.Ct. 1237 (2010). The Court stated that "a rule should not be referred to as jurisdictional unless it governs a court's adjudicatory capacity, that is, its subject-matter or personal jurisdiction. Other rules, even if important and mandatory ... should not be given the jurisdictional brand." *Henderson*, 131 S.Ct. at 1202-03 (citations omitted).

A statutory condition that requires a party to take some action before filing a lawsuit is not automatically "a *jurisdictional* prerequisite to suit." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. at 166, 130 S.Ct. 1237 (2010) (quoting *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132 (1982)(emphasis added). Rather, the jurisdictional analysis must focus on the "legal character" of the requirement which is discerned by looking to the condition's text, context and relevant historical treatment. *Reed Elsevier*, 130 S.Ct. at 1246.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the

8

administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003). Under the Fifth Circuit's strict approach to the Prison Litigation Reform Act's exhaustion requirement, mere "substantial compliance" with administrative remedy procedures does not satisfy exhaustion. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). A court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust. *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

However, neither the text nor the context of the statute indicate that exhaustion of administrative remedies is a jurisdictional prerequisite. Exhaustion is typically a defense, not a jurisdictional limitation. In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court held that the exhaustion provision in the Prison Litigation Reform Act is not jurisdictional, but rather is an affirmative defense. *See Reed Elsevier*, 130 S.Ct. at 1246-47 ("We similarly have treated as nonjurisdictional other types of threshold requirements that claimants must complete, or exhaust, before filing a lawsuit."); *Day v. McDonough*, 547 U.S. 198, 205, 126 S.Ct. 1675, 1681 (2006)

(describing exhaustion of state remedies as a nonjurisdictional threshold barrier to habeas corpus review). Therefore, while failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a) may bar a claim, it plainly is not a jurisdictional bar.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion to Dismiss pursuant to Rule 12(b)(1), filed by defendants East Baton Rouge Parish Prison Medical Services, Linda Ottesen, and Dachel Williams be denied and this matter be referred back to the magistrate judge for further proceedings.

Baton Rouge, Louisiana, March 17, 2015.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE