UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEVEN PAUL BURNS (#428006)

VERSUS                                              CIVIL ACTION

EAST BATON ROUGE PARISH PRISON                      NUMBER 14-245-JWD-SCR
EMERGENCY MEDICAL SERVICES, ET AL

## NOTICE

 Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
 In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

 ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

 Baton Rouge, Louisiana, March 17, 2015.

          STEPHEN C. RIEDLINGER
          UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEVEN PAUL BURNS (#428006)

VERSUS                                          CIVIL ACTION

EAST BATON ROUGE PARISH PRISON                  NUMBER 14-245-JWD-SCR
EMERGENCY MEDICAL SERVICES, ET AL

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Rule 12(b)(6) Motion to Dismiss on Behalf of Vincent Leggio, DDS. Record document number 63. The motion is opposed.[1]

Pro se plaintiff, an inmate currently confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against East Baton Rouge Parish Prison Medical Services, which is a division of Emergency Medical Services, which is a division of the City/Parish Government of the Parish of East Baton Rouge (hereafter "City/Parish"), Linda Ottesen, Administrator of Prison Medical Services, nurse Dachel Williams and Vincent Leggio, D.D.S.[2] Plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs in violation of his constitutional rights.

---

[1] Record document number 68.

[2] Record document number 45.

## I. Factual Allegations

Plaintiff alleged that the defendants denied him adequate medical treatment. Specifically, the plaintiff alleged that on September 1, 2013 he began experiencing pain, swelling and bleeding from his gums. A deputy found him in the prison day room and offered to contact medical personnel. Plaintiff alleged that the deputy informed him that Williams refused to examine him. Plaintiff alleged that the deputy logged the incident in the prison log book and told him to make another request for medical care in the morning. Plaintiff prepared an Administrative Remedy Procedure ("ARP") request which was directed to Ottesen, number 13-0649, and placed it in the grievance form receptacle.

Plaintiff alleged that on September 2 he informed deputy Campo that he wanted to declare himself a medical emergency. Plaintiff alleged that deputy Campo assured him that she would get necessary medical attention for the plaintiff. After breakfast on September 2 he spoke with nurse Bates about his condition. Plaintiff alleged that nurse Bates gave him pain medication and told him that she scheduled him for an appointment with a doctor on September 4. Plaintiff alleged that he was not examined by a doctor on September 4. Plaintiff alleged that later that evening he prepared an ARP form and the next morning sent it to officials at the Louisiana Department of Public Safety and Corrections.

Plaintiff alleged that he was not examined by Dr. Leggio until

September 13, 2013. Plaintiff alleged that Dr. Leggio said the plaintiff's wisdom teeth were broken and impacted, that he required oral surgery, and Dr. Leggio told him that he had additional teeth which required extraction. Plaintiff alleged that Dr. Leggio said an appointment with an oral surgeon would be scheduled and Dr. Leggio prescribed antibiotics. Plaintiff alleged that when he complained that the Motrin® he was given was ineffective for pain, Dr. Leggio asked him if he was allergic to Tylenol®.

Plaintiff alleged that Dr. Leggio routinely performs tooth extractions at the prison, but Dr. Leggio did not extract the plaintiff's teeth or arrange for another dentist employed at the prison to extract his teeth. Plaintiff contended that it was unnecessary to have his teeth extracted by an oral surgeon. Plaintiff alleged that he filed another ARP form with the Louisiana Department of Public Safety and Corrections.

Plaintiff alleged that for the remainder of September 2013 his gums were infected, swollen and bleeding and he experienced considerable gum pain. Plaintiff alleged that deputies routinely checked on him. Although he continued to voice complaints to medical personnel and deputies regarding pain and bleeding from his gums, plaintiff alleged that he received no further treatment from Dr. Leggio. However, the plaintiff alleged that between September 1 and October 30, he was alternatively prescribed Motrin® and Tylenol® and was prescribed multiple rounds of antibiotics.

Plaintiff alleged that he forwarded evidence to the United States District Court for the Eastern District of Louisiana, consisting of bloody rags and pieces of tooth. Plaintiff alleged that in late October the district court returned the evidence to him. Plaintiff alleged that prison officials confiscated the evidence and destroyed it because it was considered a biohazard.

Plaintiff alleged that on November 1 he declared himself a medical emergency. Plaintiff alleged that nurse Steve informed him that he had been scheduled for oral surgery at an outside clinic on October 30, 2013. Plaintiff alleged that a couple of days later he was transferred to Richwood Correctional Center.

## II. Applicable Law and Analysis

### A. Rule 12(b)(6) Standard

Defendant Dr. Leggio moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly*

standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

**B. Deliberate Indifference**

Plaintiff alleged that the defendant was deliberately indifferent to his serious medical needs, when he referred the plaintiff to an oral surgeon rather than performing the surgery himself.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff received the treatment he felt he should have is not the issue. *Estelle v. Gamble*, supra; *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981). Unsuccessful medical treatment does not give rise to a Section 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991), *Johnson v. Treen, supra*. Negligence, neglect or medical malpractice does not rise to the level of a constitutional violation. *Varnado, supra*.

Plaintiff's amended complaint alleged the following facts.[3] He first complained about dental pain on September 1, 2013[4] and was examined by a prison nurse on September 2 after declaring himself

---

[3] Record document number 45, Verified Complaint For Damages And Injunctive Relief.

[4] *Id*. at 3.

6

a medical emergency.[5] During the September 2 medical examination, the plaintiff was provided pain medication[6] and was told that an appointment with a medical doctor was scheduled on September 4.[7] Plaintiff was not examined by a medical doctor on September 4.[8]

Plaintiff was examined by Dr. Leggio on September 13.[9] Dr. Leggio informed the plaintiff that his wisdom teeth were broken and impacted and required oral surgery and that he had other teeth which also needed to be extracted.[10] Dr. Leggio prescribed the plaintiff antibiotics and pain medication.[11] Plaintiff was not examined by Dr. Leggio again[12] but he was provided additional courses of antibiotics and pain medication.[13] Plaintiff was informed that he had been scheduled for oral surgery at an outside clinic on October 30.[14]

Plaintiff's belief that he did not receive the dental

---

[5] *Id.* at 4-5.

[6] *Id.* at 5.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.* at 6.

[11] *Id.*

[12] *Id.* at 8.

[13] *Id.* at 9.

[14] *Id.* at 11.

7

treatment he felt he should have or that Dr. Leggio was capable of performing the tooth extraction and therefore should not have referred him to an oral surgeon does not rise to the level of a constitutional violation.

   **C. ADA Claim**

Prisoners may bring claims against their jailors for disability discrimination under Title II of the ADA, which prohibits discrimination by public entities. *Pennsylvania Dep't of Corrections v. Yeskey*, 524 U.S. 206, 209-10, 118 S.Ct. 1952 (1998). Because the term "public entity" in Title II does not include individuals, individual defendants cannot be held personally liable for violations of Title II of the ADA. *Walker v. Snyder*, 213 F.3d 344, 347 (7th Cir. 2000), *abrogated on other grounds by Board of Trustees v. Garrett*, 531 U.S. 356, 374 n. 9, 121 S.Ct. 955 (2001).

Title II of the ADA provides "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

A plaintiff must first establish a prima facie case of discrimination before relief under the ADA can be considered. To establish a prima facie case of discrimination under the ADA, a plaintiff must demonstrate: (1) that he is a qualified individual

within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and, (3) that such exclusion, denial of benefits, or discrimination is because of his disability. *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011). A plaintiff asserting a private cause of action for violations under the ADA may only recover compensatory damages upon a showing of intentional discrimination. *Delano-Pyle v. Victoria, County, TX*, 302 F.3d 567, 575 (5th Cir. 2002). Punitive damages are unavailable. *Barnes v. Gorman*, 536 U.S. 181, 189-90, 122 S.Ct. 2097, 2102-03 (2002).

Although the plaintiff asserted that he sought damages pursuant to the ADA, he failed to allege any facts to support an ADA claim. Even assuming, without deciding, that the plaintiff is disabled for purposes of the ADA, he has not alleged any facts suggesting that the defendant had the subjective intent to discriminate against him because of his disability.

### D. Supplemental Jurisdiction

Defendant moved to dismiss the plaintiff's state law medical malpractice claim as premature because the Medical Review Panel has yet to issue its opinion.[15] Plaintiff opposed the motion on the

---

[15] Record document number 63-1, pp. 4-11.

ground that he did not assert a state law claim against the defendant.[16]

A review of the amended complaint showed that the plaintiff asserted that the defendants violated his constitutional rights only, and did not invoke the supplemental jurisdiction of this court.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Rule 12(b)(6) Motion to Dismiss on Behalf of Vincent Leggio, DDS be granted, and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert against the defendant consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, March 17, 2015.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[16] Record document number 68-1, p. 7.