UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEVEN PAUL BURNS (#428006)

VERSUS                                    CIVIL ACTION

EAST BATON ROUGE PARISH PRISON            NUMBER 14-245-JWD-SCR
EMERGENCY MEDICAL SERVICES, ET AL

## RULING ON MOTION FOR APPOINTMENT OF EXPERT WITNESS

Before the court is the plaintiff's Motion for Appointment of Court Appointed Expert Witness. Record document number 74.

Plaintiff is before the court seeking appointment of an expert witness to testify about his dental care.

Insofar as the plaintiff sought expert testimony for the purpose of supporting his allegations against defendant Dr. Vincent Leggio, such expert testimony is not needed. Plaintiff is not making a state law medical negligence claim against Dr. Leggio, and for the reasons stated in the Magistrate Judge's Report issued this date, the plaintiff's Eighth Amendment claims against Dr. Leggio should be dismissed.[1]

Furthermore, while the court has the authority under Rule 706, Fed.R.Evid., to appoint an expert witness, the purpose of Rule 706 is to allow "the appointment of an expert to aid the court," as distinct from an expert appointed for the benefit of a party. *See Hannah v. United States*, 523 F.3d 597, 600 (5th Cir. 2008).

---

[1] Record document number 76.

Also, funds to pay an expert appointed under Rule 706 must come from the parties. Rule 706(c)(2). It is apparent that the plaintiff does not have funds to pay an expert appointed by the court. In the current circumstances, appointing an expert at the sole cost of the defendants, particularly Dr. Leggio, is not warranted.

Accordingly, the plaintiff's Motion for Appointment of Court Appointed Expert Witness is denied.

Baton Rouge, Louisiana, March 17, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE