UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**STEVEN PAUL BURNS (#428006)**

**VERSUS**                                        CIVIL ACTION

**EAST BATON ROUGE PARISH PRISON**                NUMBER 14-245-JWD-SCR
**EMERGENCY MEDICAL SERVICES, ET AL**

O R D E R

This matter comes before the Court on the plaintiff's Declaration in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (R. Doc. 85) and Petition for a Writ of Habeas Corpus Ad Testificandum (R. Doc. 84). These motions are opposed.[1]

*Pro se* plaintiff, an inmate previously confined at the East Baton Rouge Parish Prison, Baton Rouge, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against East Baton Rouge Parish Prison Medical Services, which is a division of Emergency Medical Services, which is a division of the City/Parish Government of the Parish of East Baton Rouge (hereafter "City/Parish"), Linda Ottesen, the Administrator of Prison Medical Services, Nurse Dachel Williams and Dr. Vincent Leggio, D.D.S. Plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs during a two-month period in 2013 in violation of his constitutional rights. Defendant Vincent Leggio has been dismissed

---

[1] R. Docs. 98 and 99.

from this proceeding.[2]

Plaintiff alleged that the defendants denied him adequate medical treatment. Specifically, the plaintiff alleged that on September 1, 2013 he began experiencing pain, swelling and bleeding from his gums. A deputy found him in the prison day room and offered to contact medical personnel. Plaintiff alleged that the deputy informed him that Williams refused to examine him. Plaintiff alleged that the deputy logged the incident in the prison log book and told him to make another request for medical care in the morning. Plaintiff prepared an Administrative Remedy Procedure ("ARP") request which was directed to Ottesen, number 13-0649, and placed it in the grievance form receptacle.

Plaintiff alleged that on September 2 he informed deputy Campo that he wanted to declare himself a medical emergency. Plaintiff alleged that deputy Campo assured him that she would get necessary medical attention for the plaintiff. After breakfast on September 2 he spoke with nurse Bates about his condition. Plaintiff alleged that nurse Bates gave him pain medication and told him that she scheduled him for an appointment with a doctor on September 4. Plaintiff alleged that he was not examined by a doctor on September 4. Plaintiff alleged that later that evening he prepared an ARP form and the next morning sent it to officials at the Louisiana Department of Public Safety and Corrections.

Plaintiff alleged that he was not examined by Dr. Leggio until

---

[2] *See* R. Docs. 76 and 87.

September 13, 2013.  Plaintiff alleged that Dr. Leggio said the plaintiff's wisdom teeth were broken and impacted, that he required oral surgery, and Dr. Leggio told him that he had additional teeth which required extraction.  Plaintiff alleged that Dr. Leggio said an appointment with an oral surgeon would be scheduled and Dr. Leggio prescribed antibiotics.  Plaintiff alleged that when he complained that the Motrin® he was given was ineffective for pain, Dr. Leggio asked him if he was allergic to Tylenol®.

Plaintiff alleged that Dr. Leggio routinely performs tooth extractions at the prison, but Dr. Leggio did not extract the plaintiff's teeth or arrange for another dentist employed at the prison to extract his teeth.  Plaintiff contended that it was unnecessary to have his teeth extracted by an oral surgeon.  Plaintiff alleged that he filed another ARP form with the Louisiana Department of Public Safety and Corrections.

Plaintiff alleged that for the remainder of September 2013 his gums were infected, swollen and bleeding and he experienced considerable gum pain.  Plaintiff alleged that deputies routinely checked on him.  Although he continued to voice complaints to medical personnel and deputies regarding pain and bleeding from his gums, plaintiff alleged that he received no further treatment from Dr. Leggio.  However, the plaintiff alleged that between September 1 and October 30, he was alternatively prescribed Motrin® and Tylenol® and was prescribed multiple rounds of antibiotics.

Plaintiff alleged that he forwarded evidence to the United

States District Court for the Eastern District of Louisiana, consisting of bloody rags and pieces of tooth. Plaintiff alleged that in late October the district court returned the evidence to him. Plaintiff alleged that prison officials confiscated the evidence and destroyed it because it was considered a biohazard.

Plaintiff alleged that on November 1 he declared himself a medical emergency. Plaintiff alleged that nurse Steve informed him that he had been scheduled for oral surgery at an outside clinic on October 30, 2013. Plaintiff alleged that a couple of days later he was transferred to another correctional facility.

Plaintiff is now before the Court seeking injunctive relief and complaining that he is still suffering from the dental problems alleged in his Complaint.[3] He prays for an Order "requiring the defendants to arrange for an examination and a plan of treatment by a qualified specialist, and ... requiring the defendants to carry out that plan of treatment."[4]

In order to obtain injunctive relief, the plaintiff must demonstrate "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Lake Charles Diesel, Inc.*

---

[3] *See* R. Doc. 85 at p. 10.

[4] *Id.* at p. 12.

*v. General Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003). "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Id.* at 196. If the plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 361 (5th Cir. 1990).

On the record before the Court, the plaintiff is not entitled to the relief requested. His allegations make clear that he was transferred from the custody of the East Baton Rouge Parish Prison in October, 2013 and is no longer subject to the care and control of the defendants. The United States Court of Appeals for the Fifth Circuit has clearly and repeatedly held that a transfer from one facility to another generally renders moot any claims for injunctive relief with respect to an inmate's prior facility. *See Harman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). *See also Kidd v. Livingston*, 463 Fed. Appx. 311, 314 (5th Cir. 2012); *Stern v. Hinds County, Mississippi*, 436 Fed. Appx. 381, 382 (5th Cir. 2001); *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995); *Davis v. Wall*, 50 F.3d 1033, *2 n. 3 (5th Cir. 1995). Accordingly, inasmuch as the plaintiff is no longer confined at the East Baton Rouge Parish Prison and is no longer subjected to any alleged wrongdoing at the hands of personnel employed at that facility, he has not made out a showing of entitlement to injunctive relief.

Plaintiff also requests that the Court issue a writ of habeas corpus ad testificandum, compelling his attendance at an anticipated hearing on his request for injunctive relief. However, considering that the plaintiffs request for injunctive relief will be denied, there is no justification for a hearing in connection with that request or for the plaintiff's attendance at such a hearing. Accordingly, the plaintiff's request for a writ of habeas corpus ad testificandum shall also be denied.

**IT IS ORDERED** that the plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (R. Doc. 85) and Petition for a Writ of Habeas Corpus Ad Testificandum (R. Doc. 84) be and they are hereby **DENIED**.

Baton Rouge, Louisiana, this ___19___ day of November, 2015.

JOHN W. deGRAVELLES
UNITED STATES DISTRICT JUDGE