# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**STEVEN PAUL BURNS (#81494)**                                    **CIVIL ACTION**

**VERSUS**

**EAST BATON ROUGE PARISH PRISON**                          **NO. 14-0245-JWD-EWD**
**EMERGENCY MEDICAL SERVICES, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.   Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 4, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**STEVEN PAUL BURNS (#81494)**                          **CIVIL ACTION**

**VERSUS**

**EAST BATON ROUGE PARISH PRISON**                  **NO. 14-0245-JWD-EWD**
**EMERGENCY MEDICAL SERVICES, ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss of defendants East Baton Rouge Parish Prison Medical Services (a department of Emergency Medical Services, which is a division of the City/Parish Government of the Parish of East Baton Rouge), Administrator Linda Ottesen, and Nurse Dachel Williams (R. Doc. 78).   This motion is opposed.

The *pro se* plaintiff, an inmate confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), against Prison Medical Services, Health Care Manager Linda Ottesen, Nurse Williams and Dr. Vincent Leggio, D.D.S., complaining that the defendants violated his constitutional and statutory federal rights by failing to provide him with appropriate dental treatment.   Pursuant to a previous Magistrate Judge's Report in this case (R. Doc. 76), approved by the District Judge on May 7, 2015 (R. Doc. 87), the plaintiff's claims asserted against defendant Leggio have been dismissed.

The remaining defendants move to dismiss the plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that the plaintiff has failed to state a claim upon which relief may be granted.   In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and

1

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (citation omitted). Even a *pro se* complainant, however, must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at

2

678 (internal quotation marks omitted).

In his Complaint, as amended, the plaintiff alleges that during a two-month period of confinement at EBRPP, *i.e.,* between the beginning of September and the end of October 2013, the defendants denied him adequate dental care and treatment. Specifically, the plaintiff alleges that commencing on the night of September 1, 2013, he began to experience pain, swelling and bleeding from his gums. He asserts that he went to the prison day room where a deputy found him and offered to contact medical personnel. According to the plaintiff, the deputy returned several hours later and informed him that a Nurse Williams (presumably defendant Dachel Williams) had refused to come examine him. The plaintiff alleges that the deputy logged the incident into the prison logbook and advised the plaintiff to submit another request for medical care in the morning. The plaintiff alleges that he then prepared an administrative grievance directed to defendant Linda Ottesen, and placed it in the grievance receptacle.

The plaintiff alleges that the next morning, September 2, 2013, he informed a deputy that he wanted to declare himself a medical emergency. The plaintiff alleges that the deputy assured the plaintiff that medical attention would be provided. After breakfast on that date, the plaintiff allegedly spoke with a Nurse Bates about his condition. The plaintiff alleges that Nurse Bates gave him pain medication and told the plaintiff that she would schedule him for an appointment with a doctor on September 4, 2013. The plaintiff complains, however, that he was not thereafter seen by a physician on the referenced date. As a result, the plaintiff allegedly prepared another grievance and sent it to officials at the Louisiana Department of Public Safety and Corrections.

The plaintiff alleges that he was not examined by the prison dentist, Dr. Vincent Leggio, until September 13, 2013. The plaintiff alleges that Dr. Leggio advised the plaintiff that his

wisdom teeth were broken and impacted and required oral surgery and also that he had additional teeth that required extraction.   The plaintiff alleges that Dr. Leggio prescribed pain medication and antibiotics and stated that a referral would be issued for an appointment with an oral surgeon.

The plaintiff alleges that for the remainder of September and October, 2013, his gums were infected, swollen and bleeding, and he experienced substantial pain.   The plaintiff alleges that although he continued to submit medical requests and voice complaints to medical personnel and deputies regarding pain and bleeding from his gums, he received no further treatment or attention from Dr. Leggio.   The plaintiff acknowledges, however, that between September 1 and October 30, 2013, he was alternatively prescribed Motrin® and Tylenol® and was prescribed multiple rounds of antibiotics.

Finally, the plaintiff alleges that he was transferred to the Elayn Hunt Correctional Center on October 31, 2013, for a parole board hearing.   On November 1, 2013, after returning to EBRPP, the plaintiff again requested emergency medical attention.   The plaintiff alleges that on that date, a Nurse Steve at the facility advised the plaintiff that the plaintiff had been scheduled for oral surgery at an outside clinic two days previously on October 30, 2013, but the appointment had not taken place.   The plaintiff alleges that a couple of days later, he was transferred to the Richwood Correctional Center in accordance with the decision made by the parole board at the plaintiff's hearing of October 31, 2013.

In addressing the plaintiff's contentions, the defendants initially appear to reiterate a contention that his claims are subject to dismissal because he failed to exhaust available

dministrative remedies prior to filing the instant lawsuit as mandated by 42 U.S.C. § 1997e.[1]   To the extent that this assertion is made, the plaintiff has effectively countered it by noting that administrative exhaustion is an affirmative defense upon which the defendants carry the burden of proof, and that there are factual disputes in this case that preclude a determination relative to this issue.   The plaintiff is correct in this regard.   As a practical matter, unless an inmate plaintiff admits that he has failed to exhaust administrative remedies or it is otherwise clear on the face of his complaint that he has not done so, it is usually necessary to establish the exhaustion defense through the introduction of competent evidence.   *See Dillon v. Rogers*, 596 F.3d 260 (5th Cir. 2010) (approving a procedure by which the district court converted a Rule 12(b)(6) motion to dismiss to one for summary judgment so that evidentiary submissions could be considered by the Court on the issue of exhaustion).   *See also Holloway v. Alcorn County*, 2015 WL 3795961 (N.D. Miss. June 17, 2015) (same); Rule 12(d), Fed. R. Civ. P. ("If on a motion under Rule 12(b)(6) ... matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56").   In connection with the instant motion, the defendants have not made an evidentiary showing, and the plaintiff has attested in his verified amended complaint that he "exhausted his administrative remedies before filing this Complaint.*"* *See* R. Doc. 45 at p. 3.   Accordingly, a factual dispute is presented in connection with the exhaustion issue, and it is not properly before the Court at this stage of the proceedings.

The defendants next contend that the plaintiff's claims in this case are more in the nature of state law claims of negligence or medical malpractice and that such claims are premature

---

[1]     The defendants previously filed a motion to dismiss relative to the issue of administrative exhaustion that the Court denied.   *See* R. Docs. 75 and 88.

because the plaintiff has failed to first present them before a medical review panel as required by state law. *See* La. R.S. 40:1299.41 *et seq*. This argument fails as well. As specifically stated by the plaintiff in his opposition to the defendants' motion to dismiss, he "has not invoked this Honorable Court's federal supplemental jurisdiction, nor has the Court invoked it on its own." *See* R. Doc. 95-1 at p. 5. In addition, this Court has previously noted that, "[a] review of the [plaintiff's] amended complaint showed that the plaintiff asserted that the defendants violated his constitutional rights only, and did not invoke the supplemental jurisdiction of this court" over potential state law claims. *See* R. Doc. 76 at pp. 10-11. Accordingly, the Court concludes that the plaintiff is only asserting federal claims in this proceeding and that there is no state law claim of medical malpractice before the Court for which a prior appearance before a medical review panel is required. The defendants' contention relative to prematurity should therefore be rejected.

Turning to the plaintiff's claim that the defendants failed to ensure that he received appropriate dental care or treatment, it is well-settled that to prevail on an Eighth Amendment claim for the deprivation of medical care, a prisoner must be able to show that appropriate care was denied and that the denial constituted "deliberate indifference to serious medical needs." *Thomas v. Carter*, 593 Fed. Appx. 338, 342 (5th Cir. 2014), *citing Estelle v. Gamble*, 429 U.S. 97 (1976). Whether the plaintiff received the treatment or accommodation that he believes he should have is not the issue because a prisoner's mere disagreement with his medical treatment, absent exceptional circumstances, does not support a claim of deliberate medical indifference. *Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006). Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. *See Zaunbrecher v. Gaudin,* ___ Fed. Appx. ___, 2016 WL 536874 (5th Cir. Feb. 10, 2016). Rather, "subjective

6

recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839-30 (1994). A prison official acts with deliberate indifference only if the official (1) "knows that inmates face a substantial risk of serious bodily harm," and (2) "disregards that risk by failing to take reasonable measures to abate it." *Gobert v. Caldwell, supra,* 463 F.3d at 346, *quoting Farmer v. Brennan, supra,* 511 U.S. at 847. The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), *quoting Estelle v. Gamble, supra*. Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Easter v. Powell,* 467 F.3d 459, 463 (5th Cir. 2006), *citing Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Applying the foregoing standard and addressing first the plaintiff's claim asserted against defendant Dachel Williams, the Court finds that the plaintiff has failed to allege a constitutional violation relative to this defendant. The sole reference to defendant Williams in the plaintiff's Complaint is an allegation that the defendant "refused to see [the plaintiff]" on the night of September 1, 2013. Specifically, the plaintiff alleges that after "lights out" on that date, he began to experience pain and bleeding and went to the day room where a security officer found him and offered to contact the Control Key officer about obtaining medical assistance. Two to three hours later, the plaintiff was summoned to the Control Key and was there informed that a nurse identified as "Ms./Mrs. Williams" refused to see the plaintiff. Notwithstanding, the plaintiff acknowledges

7

that he was able to see a nurse the next morning who provided the plaintiff with pain medication and advised the plaintiff that she was scheduling him to see a physician.   Thus, in the Court's view, the plaintiff's claim asserted against defendant Williams amounts to no more than a claim that he was subjected to a few hours of delay in obtaining medical attention on the night of September 1, 2013.   Even if the conduct of Nurse Williams in failing to attend immediately to the plaintiff's complaint of painful and bleeding gums may be characterized as indifference, the plaintiff has failed to allege facts suggesting that he faced "a substantial risk of serious bodily harm" at that time or that he has suffered a "resulting substantial harm" as a result of the delay. Accordingly, the Court concludes that the plaintiff has failed to state a claim relative to defendant Williams, and this defendant is entitled to judgment as a matter of law.

Turning to the plaintiff's claim asserted against defendant Ottesen, the Court finds, in contrast, that the plaintiff has adequately stated an Eighth Amendment claim relative to this defendant at this juncture.   Specifically, the plaintiff has alleged that after he was examined by the prison dentist, Vincent Leggio, D.D.S., on September 13, 2013, the dentist referred the plaintiff for an appointment with an oral surgeon at an outside facility.   The plaintiff alleges that despite this referral, no appointment was made by the defendant health care manager for a period exceeding six weeks, during which time the plaintiff was allegedly bleeding profusely from his mouth and gums, was allegedly in substantial pain, and was allegedly unable to eat numerous meals.   The plaintiff alleges that he made numerous written and verbal requests for medical attention to both prison medical personnel and prison security personnel and submitted several administrative grievances to prison officials, all to no avail.   He alleges that defendant Linda Ottesen was notified of the plaintiff's condition and complaints through these written and verbal

8

submissions yet failed to take action to schedule the needed oral surgery. The defendants have given little attention to the plaintiff's 8th Amendment claim asserted against defendant Ottesen in their supporting memorandum and seek to characterize the plaintiff's allegations as being merely complaints regarding negligence or inadvertence in the provision of appropriate care. In the Court's view, this facile treatment of the plaintiff's claim does not adequately address the substance thereof. While there is discovery in the record that reflects that the defendant's conduct may have been reasonable under the circumstances,[2] and whereas an inability to schedule an appointment during the 6-week period between Dr. Leggio's referral to an outside facility and the plaintiff's transfer from EBRPP may have been reasonable, the reasonableness of the defendant's conduct is better addressed in connection with a motion for summary judgment, at which time the Court may consider the evidentiary submissions of the parties. Accordingly, at this stage of the proceeding, the motion to dismiss should be denied as it relates to the personal liability of defendant Linda Ottesen.[3]

---

[2]     *See, e.g.*, the defendant's responses to the plaintiff's Interrogatories, R. Doc. 81 at pp. 9-10, that suggest that the Charity Hospital System and Earl K. Long Hospital became unavailable for referrals for advanced dental services in October 2012, and April 2015, respectively. As a result, prison administrators, including defendant Linda Ottesen, undertook to locate a facility that would provide such services and finally contracted with such a facility, the Hood Dental Clinic in Denham Springs, Louisiana, in July 2013. At that time, however, there was a backlog of patients needing dental attention, and inasmuch as the outside facility only agreed to provide services to a limited number of patients per month, periods of delay were unavoidable. Further, during the period of the plaintiff's delay, he has admitted that he was provided with both pain medication and multiple courses of antibiotics.

[3]     Whereas the plaintiff included a prayer for prospective injunctive relief in his original Complaint, his transfer from EBRPP in November 2013, has mooted that aspect of the plaintiff's claim. *See, e.g., Kidd v. Livingston*, 463 Fed. Appx. 311, 314 (5th Cir. 2012); *Stern v. Hinds County, Mississippi*, 436 Fed. Appx. 381, 382 (5th Cir. 2011). Although the plaintiff has apparently been recently returned to EBRPP, *see* R. Doc. 130, he does not allege that he is experiencing the same dental problems, and he has admitted to receiving dental care and treatment

Turning to a consideration of the plaintiff's claim asserted against EBRPP and Prison Medical Services, the Court finds that the plaintiff has failed to state a claim relative to these entities. Pursuant to Rule 17(b) of the Federal Rules of Civil Procedure, the capacity of an entity to sue or be sued is determined by the law of the state in which the district court sits.   *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5ᵗʰ Cir. 1991).   Further, pursuant to 42 U.S.C. § 1983, only a "person" may be sued for the violation of an inmate's constitutional rights.   The East Baton Rouge Parish Prison is not a person within the meaning of the referenced statute.   *See Glenn v. Louisiana*, 2009 WL 382680, *2 (E.D. La., Feb. 11, 2009) (noting that "a jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983"); *Castillo v. Blanco*, 2007 WL 2264285, *4 (E.D. La., Aug. 1, 2007) (finding that a state prison is not a person within the meaning of § 1983).   Accordingly, the plaintiff has failed to state a claim upon which relief may be granted relative to EBRPP, and this defendant is subject to dismissal from this proceeding as a matter of law.   In addition, several courts have determined that a subdivision of a city or parish government lacks the capacity to be sued in federal court under state law.   *See Ragland v. Emergency Medical Service*, 2014 WL 3531267, *1 at n. 1 (La. App. 1ˢᵗ Cir. July 16, 2014) (concluding that "Emergency Medical Services," being a "department of the City of Baton Rouge/Parish of East Baton Rouge," is not a juridical entity and "lacks capacity to be sued in its own right" under Louisiana law); *Simien v. Washington Police Dept.*, 2006 WL 2983051, *3 (W.D. La. Oct. 17, 2006) (questioning the capacity of St. Landry Parish Emergency Medical Services to sue or be sued under Louisiana law).   *See also Jeffries v. St. Bernard Parish*

---

at other facilities since his transfer from EBRPP in 2013.

*Sheriff's Dept.*, 2013 WL 6044365, *4 (E.D. La. Nov. 13, 2013) (finding that a parish jail

"medical department" is not subject to suit in federal court)*; Castro v. Harris County Jail*, 2007

WL 2446821, *19 (S.D. Tex. Aug. 22, 2007) (dismissing a claim asserted against a Texas

County Jail and Medical Department and recognizing that the Fifth Circuit has concluded that "a

complaint against a city's department, rather than the city itself, could not proceed if they were

not political entities capable of suing and being sued").   As such, it does not appear that Prison

Medical Services is a proper defendant before this Court, and this entity is also subject to

dismissal as a matter of law.

  In addition, and in the alternative, in the event that the plaintiff's claim asserted against

Prison Medical Services may be interpreted to be a claim asserted against the City/Parish

government itself, the Court finds that the plaintiff has failed to adequately assert a claim of

municipal liability relative to this defendant and that the motion to dismiss should be granted in

connection therewith.   In this regard, to establish liability under § 1983 against the City/Parish,

the plaintiff must be able to establish three elements: "a policy maker; an official policy; and a

violation of constitutional rights whose 'moving force' is the policy or custom.'" *Piotrowki v. City

of Houston*, 237 F.3d 567, 578 (5th Cir. 2001), *citing Monell v. Dept. of Social Services*, 436 U.S.

658, 691 (1978).   Proof of these three elements is "necessary to distinguish individual violations

perpetrated by local government employees from those that can be fairly identified as actions of

the government itself."   *Id*.   The Fifth Circuit has instructed that "each and any policy which

allegedly caused constitutional violations must be specifically identified by plaintiff.   *Id*. at 579.

  The plaintiff's Amended Complaint in this case does not allege or identify any specific

policy, practice or custom that was the "moving force" behind the events complained of.   *See* R.

11

Doc. 45. In the subsection of his Complaint entitled "Claims for Relief," the plaintiff makes only a conclusory assertion regarding "systemic defences [sic]" in the provision of medical care at EBRPP and "[t]he failure of ... E.B.R.P. Prison Emergency Medical Services to take steps to ensure that plaintiff received the needed oral surgery and medical treatment thereafter." *See id.* at pp. 13-14. Whereas the plaintiff has identified certain written policies in his opposition to the defendants' Motion to Dismiss that he contends reflect the existence of unconstitutional policies or practices, *see* R. Doc. 95-1 at p.8 and R. Doc. 123, the Court is not persuaded by his contentions in this regard. *See Moses v. Gautreaux*, 2015 WL 8104069, *5-6 (M.D. La. Nov. 6, 2015) (granting a motion to dismiss in favor of the City/Parish of East Baton Rouge and finding conclusory the plaintiff's allegations regarding a deficient policy, practice or custom that resulted in inadequate medical care at EBRPP); *Jackson v. East Baton Rouge Parish Prison*, 2015 WL 411211, *3-4 (M.D. La. Jan. 29, 2015) (same, involving alleged delays in the provision of dental care at EBRPP). To the contrary, it appears that the plaintiff's claim in this case is principally focused on his allegation that defendant Linda Ottesen, as the purported health care manager at EBRPP, failed in her duty to ensure that the plaintiff received appropriate dental care while confined at that facility and, specifically, that she failed to ensure that an appointment was promptly scheduled with an outside dental facility for oral surgery after a referral was made for same. And in this regard, defendant Ottesen has been named only in her individual capacity, not in her official capacity, and so is not a representative of the City/Parish for the purpose of municipal liability. *See* R. Doc. 45 at p. 3 (where the plaintiff explicitly states that defendant Ottesen is sued in her individual capacity). Accordingly, for reasons similar to those stated by the Court in *Moses* and *Jackson, supra,* the Court finds that the plaintiff's claim asserted against the City/Parish

12

government should be dismissed.

Finally, the plaintiff has also invoked the provisions of the ADA in both his original and amended Complaints.   In originally addressing this claim in the context of the plaintiff's claim asserted against defendant Vincent Leggio, the Court stated:

> Prisoners may bring claims against their jailors for disability discrimination under Title II of the ADA, which prohibits discrimination by public entities. *Pennsylvania Dep't of Corrections v. Yeskey,* 524 U.S. 206, 209–10, 118 S.Ct. 1952 (1998).   Because the term "public entity" in Title II does not include individuals, individual defendants cannot be held personally liable for violations of Title II of the ADA.   *Walker v. Snyder,* 213 F.3d 344, 347 (7th Cir. 2000), *abrogated on other grounds by Board of Trustees v. Garrett,* 531 U.S. 356, 374 n. 9, 121 S.Ct. 955 (2001).Title II of the ADA provides "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."   42 U.S.C. § 12132.A plaintiff must first establish a prima facie case of discrimination before relief under the ADA can be considered.   To establish a prima facie case of discrimination under the ADA, a plaintiff must demonstrate: (1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and, (3) that such exclusion, denial of benefits, or discrimination is because of his disability.   *Hale v. King,* 642 F.3d 492, 499 (5th Cir. 2011). A plaintiff asserting a private cause of action for violations under the ADA may only recover compensatory damages upon a showing of intentional discrimination.   *Delano–Pyle v. Victoria, County, TX,* 302 F.3d 567, 575 (5th Cir.2002).   Punitive damages are unavailable.   *Barnes v. Gorman,* 536 U.S. 181, 189–90, 122 S.Ct. 2097, 2102–03 (2002).Although the plaintiff asserted that he sought damages pursuant to the ADA, he failed to allege any facts to support an ADA claim.   Even assuming, without deciding, that the plaintiff is disabled for purposes of the ADA, he has not alleged any facts suggesting that the defendant had the subjective intent to discriminate against him because of his disability.

R. Doc. 76 at pp. 9-10.   The Court agrees with this prior assessment and finds no basis for concluding that any defendant had the subjective intent to discriminate against the plaintiff because of his disability.   For this reason, the plaintiff's claim asserted under the ADA should be rejected.

13

## <u>RECOMMENDATION</u>

It is recommended that the defendants' Motion to Dismiss (R. Doc. 78) be granted in part, dismissing the plaintiff's claims asserted against defendant Dachel Williams, with prejudice, dismissing the plaintiff's claims arising under the Americans With Disabilities Act, and dismissing the plaintiff's claim for prospective injunctive relief.   It is further recommended that the Motion to Dismiss be otherwise denied and that this matter be referred back to the Magistrate Judge for further proceedings in connection with the plaintiff's claim for monetary damages asserted against Linda Ottesen for the alleged violation of the plaintiff's constitutional rights through deliberate indifference to his serious medical needs in September and October 2013.

Signed in Baton Rouge, Louisiana, on March 4, 2016.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

14